Read, J.
By the contract between Emery and Showers for the exchange of land, the performance of labor, the transfer of certain goods and chattels, and the payment of.money; it is provided that deeds shall be given when Showers should complete a barn for one Pease. Possession was to be doliverod as soon as Showers should complete a certain shop and saw-mill. He was to have the mill to saw what logs were at the mill, and to saw for a house. Showers went into possession before the time stipulated by the contract; ho failed to complete the work contracted for, and after a reasonable time had elapsed for its completion, Emery rescinded the contract and notified him to quit. By the terms of the contract, Showers was never entitled to the possession. He had not complied with the conditions which would give him the right of possession. Under the contract, then, he has no right of possession. Nor is there any proof—independent of the agreement— which discloses any right of possession in Showers. Emery exhibited his deeds which showed title in himself, and would authorize a recovery unless something appeared disclosing that Showers had *a right of possession. It is admitted, or if not, it has been proven, that the legal title was in Emery, and the only mode in which Showers could defeat a recovery, would bo by proof of right of possession in himself. Had Emory rested upon proof of legal title, Showers would have been compelled to defend his possession by production of the contract, and pi’oof that its stipulations, to confer the right by possession, had been complied with, nr have proven an independent right by possession, which is not disclosed in the bill of exceptions. But the plaintiff wont further than was necessary, and produced the contract and proved that Showers had not complied with its stipulations, and that he had notified him that he had rescinded the contract, and to deliver up the possession; and that a reasonable time had elapsed for Showers to have performed. Whereupon the court of common pleas ordered the plaintiff to become nonsuit, acting upon the hypothesis, as is suggested by the counsel, that Showers’ possession authorized the presumption of a deed. But oven that was a presumption of fact, to be left to the jury. We certainly do think there was some evidence adduced in this case tending to prove the plaintiff’s issue, and that the common pleas erred in directing him to become nonsuit, and that the Supreme Court, in reversing their judgment, were right.
*250 But it is contended, on the part of counsel for plaintiff in error, that the payment of the money specified in the contract by Emery ■was a condition precedent to the performance of Showers, and therefore, as Showers was in under the contract by the consent of Emery, he could hold possession, although he had not complied with the conditions in the contract, which would entitle him to possession. This would be holding that the non-performance of Emery would be the performance of Showers, and would give Showers the possession of the land, when in law it only confers a right of action for breach of the contract. It is a novel doctrine to hold that on contracts for the sale or exchange of land, that the violation of the contract on the part of one can be considered *a performance on the part of the other, and thus be converted into a consideration for the transfer of possession and to compel title. In such cases the legal title prevails, and there being no equity to control the legal title, the only remedy is upon the contract. If Showers had desired to acquire the land, he should have performed, and then he could have hold possession and compelled title, and looked to Emery, upon the contract, for damages. It is true, if Emery had failed to perform a condition precedent, he could not rescind the contract. But that would not prevent a recovery, because Showers had not performed the condition on his part, which would entitle him to possession. But the state of case, as counsel suppose, does not exist, as the stipulations in the contract, on the part of Emery, are not conditions precedent to the delivery of possession to Showers. And the evidence is, that Showers has wholly failed to perform his part of the contract which entitles him to possession. Judgment affirmed.